UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KOBE JAPANESE STEAK
HOUSE OF FLORIDA, INC.,

    Plaintiff,

v.                                      CASE NO.: 8:14-cv-490-T-23MAP

XU, INC.,

    Defendant.
_____/

## **ORDER**

A July 30, 2014 order (Doc. 11) refers the plaintiff's motion (Doc. 10) for default judgment to Magistrate Judge Mark A. Pizzo for a report and recommendation. A September 4, 2014 order (Doc. 15) refers the plaintiff's motion (Doc. 14) for attorney's fees for a report and recommendation. On September 15, 2014, Magistrate Judge Pizzo recommended (Doc. 17) granting both motions. More than seventeen days has passed, and no party objects.

The report and recommendation (Doc. 17) is **ADOPTED**. The plaintiff's motion (Doc. 10) for default judgment and the plaintiff's motion (Doc. 14) for attorney's fees are **GRANTED**. The clerk is directed to enter on Counts I through IV a judgment in favor of the plaintiff and against the defendant for $100,000 in statutory damages, $9,432.50 in attorney's fees, and $400 in costs.

Also, the clerk is directed to enter a judgment that enjoins the defendant "and its officer[s], directors, agents, servants, employees, attorneys, successors, and assigns, and all people in active concert or participation therewith," from:

> (1) using the plaintiff's trademark Kobe Japanese Steak House (U.S. Registration No. 3809089), and any variations or phonetic equivalents of the mark, in connection with the sale of its goods or services;
>
> (2) using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of the defendant, or of any third parties, are sponsored by, authorized by, or in any way associated with the plaintiff;
>
> (3) falsely representing itself as being connected with, sponsored by, or associated with the plaintiff, or engaging in any act that is likely to falsely cause the trade, retailers, or members of the purchasing public to believe that the defendant is associated with the plaintiff; and
>
> (4) affixing, applying, annexing, or using in connection with the sale of any goods or services sold by the defendant, a false description or representation, including words tending to falsely describe or represent the goods or services as being those of the plaintiff.

(Doc. 17 at 10)

Further, the clerk is directed to enter a judgment that requires the defendant and "all officer[s], directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert of participation therewith," to:

> (1) recall all packaging, online advertisements, printed advertisements, and other written or printed material in the possession or control of the defendant that bear any infringing mark or any variations of the plaintiff's trademark; and

>> (2) file a written report with the court detailing, under oath, the manner of compliance with the requirement above and serve the report on the plaintiff within thirty days of being served with the injunction.

(Doc. 17 at 11)

Jurisdiction is retained to enforce this injunction. The clerk is directed to terminate any pending motion and to close the case.

ORDERED in Tampa, Florida, on November 20, 2014.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE